UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
HERIBERTO NISBITT-ARROYO,

                               Plaintiff,                    **AMENDED COMPLAINT**
        -against-

THE CITY OF NEW YORK, P.O. RYAN FOY, Shield No.     **JURY TRIAL DEMANDED**
5277, Individually and in his Official Capacity, and POLICE
OFFICERS "JANE DOE" 1-5, Individually and in their Official     **12-cv-9414 (LTS)**
Capacities as the true names are not presently known,

                              Defendants.
------------------------------------------------------------------------X

       Plaintiff, HERIBERTO NISBITT-ARROYO, by and through her attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for her Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

    1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

    2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

    4.     Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b),

in that this is the District in which the claim arose.

## JURY DEMAND

5.	Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.	Plaintiff, HERIBERTO NISBITT-ARROYO, is, and has been, at all relevant times, a resident of the City and State of New York.

7.	Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.	Defendants, THE CITY OF NEW YORK, maintains The New York City Police Department, a duly authorized police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned corporation.

9.	At all times hereinafter mentioned, the individually named defendants, P.O. RYAN FOY, and P.Os "JANE DOE" 1-5, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.	At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of THE CITY OF NEW YORK.

11.	Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12.	Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On or about January 11, 2012 at approximately 4:00 p.m., in the County of Bronx, City and State of New York, plaintiff was lawfully walking on East 194th Street at or near its intersection with Bainbridge Avenue when the individual defendants arrived on duty and in NYPD vehicles.

14. Without any legal basis or justification for doing so, the individually named defendants approached plaintiff, grabbed her and threw her against an NYPD vehicle.

15. Without any legal basis or justification for doing so, the individually named defendants demanded to see plaintiff's identification.

16. The plaintiff was not engaged in any suspicious or illegal conduct, and complied with defendants' requests.

17. Although there was no legal basis for doing so, the defendants searched plaintiff's person.

18. The search yielded no evidence of any criminal or unlawful activity whatsoever.

19. Despite the absence of any evidence of wrongdoing on the part of plaintiff, the defendants arrested her, handcuffing her arms tightly behind her back.

20. Thereafter, defendants struck the plaintiff about the body, face and head, causing physical injury including, but not limited to, a broken arm.

21. During the course of said beating, defendants referred to plaintiff as "it" and repeatedly told her that she "had no rights."

22. Plaintiff was then taken to the emergency room at North Central Bronx Hospital where she received treatment for the injuries she sustained at the hands of the defendants.

23. At the hospital, defendant P.O. FOY bragged about breaking plaintiff's arm and,

when he found out she was a transsexual, asked her what planet she was from.

24. Plaintiff was thereafter transported to a nearby police precinct.

25. In total, plaintiff spent approximately ninety hours in police custody

26. Plaintiff was thereafter arraigned based on the false and misleading statements of defendant P.O. RYAN FOY on one count of Resisting Arrest.

27. Despite the conduct of the defendant officers, on July 26, 2013, all charges against the plaintiff were dismissed in their entirety

28. The factual allegations sworn to by the defendants against plaintiff were materially false and deliberately made to justify the illegal search, arrest, and excessive force perpetrated by the defendants against plaintiff.

29. It was objectively unreasonable for the defendants to arrest plaintiff, as there was no evidence that she had engaged in any unlawful conduct.

30. At no time prior to or during the encounter and/or arrest did probable or otherwise legally sufficient cause exist to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

31. At no time did there exist any basis to use any level of force against the plaintiff, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was reasonable, lawful, appropriate, or necessary.

32. At no time prior to or during the encounter was there sufficient legal cause to believe that plaintiff was engaged in any unlawful activity.

33. At no time did any of the defendants take steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against the plaintiff.

34. The individual defendants intentionally and deliberately gave false statements and/or

failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein.

35. At all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests without legal justification or excuse.

## FIRST CLAIM FOR RELIEF FOR DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

37. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

38. All of the aforementioned acts deprived plaintiff, HERIBERTO NISBITT-ARROYO, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

39. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

40. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

41. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF FOR
## FALSE ARREST UNDER 42 U.S.C. § 1983

42. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

43. As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

44. As a result of the foregoing, plaintiff's liberty was restricted, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## THIRD CLAIM FOR RELIEF FOR
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

45. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

46. Defendants misrepresented and falsified evidence before the Bronx County District Attorney.

47. Defendants did not make a complete and full statement of facts to the District Attorney.

48. Defendants withheld exculpatory evidence from the District Attorney.

49. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff, HERIBERTO NISBITT-ARROYO.

50. Defendants lacked probable cause to initiate criminal proceedings against plaintiff, HERIBERTO NISBITT-ARROYO.

51. Defendants acted with malice in initiating criminal proceedings against plaintiff, HERIBERTO NISBITT-ARROYO.

52. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff, HERIBERTO NISBITT-ARROYO.

53. Defendants lacked probable cause to continue criminal proceedings against plaintiff, HERIBERTO NISBITT-ARROYO.

54. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

55. Specifically, defendants falsely, maliciously, and knowingly alleged that plaintiff resisted a lawful arrest and knowingly, falsely, and maliciously, alleged that said arrest was based upon their observation of plaintiff swallowing a bag of heroin.

56. Notwithstanding the perjurious and fraudulent conduct of defendants, all criminal proceedings were terminated in plaintiff's favor on or about July 26, 2013 when the charges against her were dismissed in their entirety.

57. As a result of the foregoing, plaintiff's liberty was restricted, she was put in fear for her safety, and her constitutional rights were violated.

## FOURTH CLAIM FOR RELIEF
## FOR EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

58. Plaintiff, HERIBERTO NISBITT-ARROYO, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

59. The force employed by the individually named defendants was unreasonable given the facts and circumstances prevailing at the time and place of the above described incident.

60.     As a result of the foregoing, plaintiff, HERIBERTO NISBITT-ARROYO, suffered a broken arm causing her to fear for her safety and suffer violation of her constitutional rights.

## FIFTH CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

61.     Plaintiff, HERIBERTO NISBITT-ARROYO, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

62.     Defendants arrested and incarcerated plaintiff, HERIBERTO NISBITT-ARROYO, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate her constitutional rights.

63.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

64.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and New York City Police Department, all under the supervision of ranking officers of said department.

65.     Those customs, policies, patterns, and practices include, but are not limited to:

   i.   requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   ii.  requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers; and

      iv.    failing to properly train police/peace officers in the requirements of the United States Constitution.

66. The aforementioned customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK, and New York City Police Department, directly cause, *inter alia*, the following unconstitutional practices:

      i.    arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

      ii.    arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

      iii.    falsifying evidence and testimony to support those arrests; and

      iv.    falsifying evidence and testimony to cover up police misconduct.

67. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and New York City Police Department, constitute deliberate indifference to the safety, well-being and constitutional rights of plaintiff, HERIBERTO NISBITT-ARROYO.

68. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and New York City Police Department, were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

69. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

70. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and New York City Police Department, plaintiff was incarcerated unlawfully.

71. Defendants, collectively and individually, while acting under color of state law, were

directly and actively involved in violating the constitutional rights of plaintiff.

72.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

73.     All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly his Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

## **PENDANT STATE CLAIMS**

74.     Plaintiff, HERIBERTO NISBITT-ARROYO, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

75.     On or about February 21, 2013, and within (90) days after the claims herein, other than malicious prosecution, accrued, and on August 16, 2013 and within (90) days after the claim of malicious prosecution accrued, the plaintiff duly served upon, presented to and filed with defendant, THE CITY OF NEW YORK Notices of Claim setting forth all facts and information required by the applicable statutes.

76.     Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claims.

77.     Defendant THE CITY OF NEW YORK conducted a hearing pursuant to General Municipal Law § 50-h on November 7, 2013.

78.     This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

79. Plaintiff has complied with all conditions precedent to maintaining the instant action.

80. This action falls within one or more of the exceptions as outlined in C.P.L.R. §1602.

## SIXTH CLAIM FOR RELIEF
## FOR ASSAULT AND BATTERY UNDER NEW YORK LAW

81. Plaintiff, HERIBERTO NISBITT-ARROYO, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

82. At the aforesaid place and time, the individually named defendants did cause plaintiff, HERIBERTO NISBITT-ARROYO, to be unlawfully assaulted and battered, without cause or provocation.

83. The aforesaid assault and battery were caused by the individually named defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

84. As a result of the aforesaid assault and battery, plaintiff, HERIBERTO NISBITT-ARROYO, was injured, both physically and mentally.

## SEVENTH CLAIM FOR RELIEF
## FOR FALSE ARREST AND IMPRISONMENT UNDER NEW YORK LAW

85. Plaintiff, HERIBERTO NISBITT-ARROYO, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

86. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined without probable cause, privilege or consent.

87. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

88. As a result of the foregoing plaintiff, HERIBERTO NISBITT-ARROYO, was caused to sustain physical and emotional injuries.

## EIGHTH CLAIM FOR RELIEF
## FOR RELIEF UNDER N.Y. STATE LAW
## MALICIOUS PROSECUTION

89. Plaintiff, HERIBERTO NISBITT-ARROYO, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

90. Defendants misrepresented and falsified evidence before the Queens County District Attorney.

91. Defendants did not make a complete and full statement of facts to the District Attorney.

92. Defendants withheld exculpatory evidence from the District Attorney.

93. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff, HERIBERTO NISBITT-ARROYO.

94. Defendants lacked probable cause to initiate criminal proceedings against plaintiff, HERIBERTO NISBITT-ARROYO.

95. Defendants acted with malice in initiating criminal proceedings against plaintiff, HERIBERTO NISBITT-ARROYO.

96. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff, HERIBERTO NISBITT-ARROYO.

97. Defendants lacked probable cause to continue criminal proceedings against plaintiff, HERIBERTO NISBITT-ARROYO.

98. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

99. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor on or about July 26, 2013 when the charges against her were dismissed.

100. As a result of the foregoing, plaintiff's liberty was restricted, she was put in fear for her safety, she was humiliated, and her constitutional rights were violated.

### NINTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

101. Plaintiff, HERIBERTO NISBITT-ARROYO, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

102. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

103. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

104. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

105. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

106. As a result of the aforementioned conduct, plaintiff suffered severe emotional

distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## TENTH CLAIM FOR RELIEF
## UNDER N.Y. STATE LAW
## NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

107.  Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

108.  Defendant, CITY OF NEW YORK, selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

109.  Defendant, CITY OF NEW YORK, was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

110.  Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;
    b. Punitive damages;
    c. The convening and empanelling of a jury to consider the merits of the claims herein;
    d. Costs interest and attorneys' fees;
    e. Such other further relief as this court may deem appropriate and equitable.

Dated: New York, New York
       November 26, 2013

                Respectfully submitted,

                **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
                *Counsel for the Plaintiff*

                _____
                By:   Matthew Shroyer, Esq. (MS-6041)
                        80 Maiden Lane, 12th Floor
                        New York, New York 10038
                        (212) 962-1020